STATE OF CONNECTICUT *v.* RONALD N. RIVET
(AC 27819)

DiPentima, Harper and Foti, Js.

Argued November 14, 2006—officially released January 16, 2007

*William B. Westcott*, special public defender, for the appellant (defendant).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom were *Michael L. Regan*, state's attorney, and, on the brief, *Kevin T. Kane*, chief state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Ronald N. Rivet, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a). On appeal, the defendant claims that the trial court

improperly instructed the jury on the element of intent. We affirm the judgment of the trial court.

On January 26, 2003, the defendant shot and killed James Beattie alongside Route 2 in North Stonington. The defendant had known Beattie since the 1970s, and Beattie formerly had been married to the defendant's fiancee. The state charged the defendant with murder, but he claimed that he had acted in self-defense. After a trial, the jury returned a verdict of guilty. The court rendered judgment in accordance with the verdict and sentenced the defendant to forty-five years incarceration. This appeal followed.

The defendant's sole claim on appeal is that the court improperly failed to limit its instructions to the jury on the element of intent to the specific intent to cause death.[1] In its instructions, the court referred to the definition of intent as provided in General Statutes § 53a-3 (11), which includes both the specific intent to cause a proscribed result and the general intent to engage in proscribed conduct.[2] The defendant did not object to the court's charge, but he now seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We determine that the record is adequate

[1] Murder is a specific intent crime. General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[2] General Statutes § 53a-3 (11) provides: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct . . . ."

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

for review and that the claim is of constitutional magnitude,[4] but we conclude that the court's references to general intent did not deprive the defendant of a fair trial.

"When a challenge to a jury instruction is of constitutional magnitude, the standard of review is whether it is reasonably possible that the jury [was] misled. . . . [T]he charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State v. Gaymon*, 96 Conn. App. 244, 247, 899 A.2d 715, cert. denied, 280 Conn. 906, 907 A.2d 92 (2006).

The defendant's claim is not novel. This court has addressed the issue presented by that claim in numerous, previous cases. "[T]he definition of intent as provided in § 53a-3 (11) embraces both the specific intent to cause a result and the general intent to engage in proscribed conduct. . . . [I]t is improper for a court to refer in its instruction to the entire definitional language of § 53a-3 (11), including the intent to engage in conduct, when the charge relates to a crime requiring only the intent to cause a specific result. . . .

"This court has further noted, however, that in cases in which the entire definition of intent was improperly

---

[4] "[A]n improper jury instruction as to an essential element of the crime charged may result in the violation of the defendant's due process right to a fair trial . . . ." (Internal quotation marks omitted.) *State v. Fasano*, 88 Conn. App. 17, 24, 868 A.2d 79, cert. denied, 274 Conn. 904, 876 A.2d 15 (2005), cert. denied, 546 U.S. 1101, 126 S. Ct. 1037, 163 L. Ed. 2d 873 (2006).

read to the jury, the conviction of the crime requiring specific intent almost always has been upheld because a proper intent instruction was also given. The erroneous instruction, therefore, was not harmful beyond a reasonable doubt." (Citation omitted; internal quotation marks omitted.) *State* v. *Brown*, 97 Conn. App. 837, 848, 907 A.2d 118, cert. denied, 280 Conn. 944, 912 A.2d 477 (2006).

In the present case, the court properly instructed the jury that to find the defendant guilty of murder, the jury had to find that the defendant intended to cause Beattie's death. Although the court improperly referred to the general intent to engage in proscribed conduct, our review of the court's charge indicates that it is not reasonably possible that those improper references misled the jury. The defendant has critically dissected the charge and artificially isolated the improper references from the overall charge. The proper standard of review requires the charge to be considered as a whole. Our application of that standard leads us to conclude that the defendant has failed to demonstrate that he was deprived of a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.